**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Lopez-Heredia, | No. CIV 08-349-PHX-DGC (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Katrina S. Kane, Field Office Director, Immigration and Customs Enforcement; et al., | |
| Respondents. | |

Pending before the court is a Petition for Writ of Habeas Corpus filed by Martin Lopez-Heredia on February 22, 2008, pursuant to Title 28, United States Code, Section 2241. The petitioner argues his current detention while in removal proceedings is contrary to law.

Within the petition, Lopez-Heredia moves for a preliminary injunction and a temporary restraining order granting his release.

The respondents filed a response to the petitioner's motions, and Lopez-Heredia filed a reply. The court ordered service of the petition on May 5, 2008. The respondents filed an answer and a supplementary response to the petitioner's motions on July 14, 2008. The petitioner filed a reply on August 25, 2008.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

1   The Magistrate Judge recommends that the District Court, after its independent review of the record, grant the petition. Lopez-Heredia's current detention is not authorized by law. *See Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005). His motions should be denied as moot because they ask for the same relief as his petition.

Summary of the Case

Lopez-Heredia is a native and citizen of Mexico. (Respondents' answer, p. 1.) He entered the country as an immigrant on July 11, 1975. *Id.* On July 16, 1996, Lopez-Heredia was convicted of "Using/Being Under the Influence of a Controlled Substance, to wit: Cocaine" in violation of California law. *Id.*

On September 27, 1996, the government issued Lopez-Heredia an Order to Show Cause alleging he was subject to deportation because he was convicted of a controlled substance offense pursuant to INA § 241(a)(2)(B)(i) (8 U.S.C. § 1251(a)(2)(B)(i) (1994)) (currently renumbered as INA § 237(a)(2)(B)(i) (8 U.S.C. § 1227(a)(2)(B)(i)). *Id.*, pp. 1-2.

Though initially denied bond, Lopez-Heredia was later granted bond in the amount of $1,500 by the immigration court. *Id.*, p. 2.

On November 14, 1999, Lopez-Heredia appeared before an Immigration Judge (IJ). *Id.* He conceded deportability but expressed his intention to move for waiver under INA §212(c). *Id.* At the subsequent hearing on January 15, 1999, the parties agreed to terminate deportation proceeding and commence removal proceedings under the newly effective Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). *Id.*

On October 4, 2000, the government issued Lopez-Heredia a Notice to Appear again alleging deportability pursuant to INA § 241(a)(2)(B)(i). *Id.* Lopez-Heredia again was released on $1,500 bond. *Id.*

On March 29, 2006, Lopez-Heredia was convicted of "Possession of Drug Paraphernalia" in violation of Arizona law. *Id.* He was placed into custody on July 28, 2006, and held without bond pursuant to INA § 236, 8 U.S.C. § 1226(c). *Id.*

On September 26, 2006, Lopez-Heredia appeared before an IJ. *Id.* The government amended its allegation to include Lopez-Heredia's latest conviction. *Id.* Lopez-Heredia conceded the government's allegations and submitted his applications for relief under INA § 212(c) and cancellation of removal. *Id.*

On February 8, 2007, the IJ issued a decision sustaining the charge of deportability, denying the applications for relief, and ordering Lopez-Heredia removed to Mexico. *Id.*, p. 3.

Lopez-Heredia filed a Notice of Appeal with the Board of Immigration Appeals (BIA). *Id.* While the appeal was pending, he filed a motion to reopen. *Id.* The BIA dismissed his appeal and motion on May 17, 2007. *Id.*, p. 4.

Lopez-Heredia filed a petition for review and motion for stay with the Ninth Circuit Court of Appeals. *Id.* His removal was automatically stayed. https:ecf.ca9.uscourts.gov/cmecf /doc. # 07-71976. While the appeal was pending, he filed a motion to reconsider with the BIA. (Respondents' answer, p. 4.) The BIA denied the motion, and Lopez-Heredia filed a second petition for review with the Ninth Circuit Court of Appeals. *Id.* The two petitions were consolidated on December 24, 2007. *Id.* His appeal remains pending. *Id.*

On February 22, 2008, Lopez-Heredia, filed the instant petition for writ of habeas corpus. He argues his continued detention is contrary to law citing, inter alia, *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). (Petition.) Within the petition, Lopez-Heredia moves for a preliminary injunction and a temporary restraining order granting his release. *Id.* He argues he is entitled to immediate release pending the resolution of the petition. *Id.* The respondents filed an answer on July 14, 2008. Lopez-Heredia filed a reply on August 25, 2008.

Discussion

Lopez-Heredia is being held pursuant to 8 U.S.C. § 1226. This statute governs the initial apprehension and detention of aliens to determine whether they should be removed from the United States. Section 1226(c) requires the detention of certain classes of aliens, notably those aliens who have been convicted of certain controlled substance offenses. (Respondents' answer, p. 4, n. 4.)

Section 1226 governs the alien's detention until the start of the "removal period," which is described in section 1231. This later statute governs the detention and eventual removal of the alien. *See* 8 U.S.C. § 1231.

The "removal period" ordinarily begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). If the alien files an appeal and the court of appeals orders a stay of removal, the removal period begins on "the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(ii).

In this case, Lopez-Heredia filed an appeal and the court of appeals ordered a stay of removal. Accordingly, the removal period has not yet begun and § 1226 still applies. *See Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008).

The government argues Lopez-Heredia's detention is proper pursuant to § 1226(c). This section, however, only authorizes detention during "expedited" removal proceedings. *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005); *See also Demore v. Kim*, 538 U.S. 510, 529 (2003) ("The Executive Office for Immigration Review has calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days."). These proceedings ended when the BIA dismissed his appeal. *See Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). After that point, § 1226(c) no longer applied. *Id.*

The Ninth Circuit recently reconsidered this statutory detention scheme and concluded that when detention is no longer authorized by § 1226(c), the government retains discretionary authority to detain an alien pursuant to § 1226(a). *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). The government's power to detain, however, is not without Constitutional limitation. *Id.* Prolonged detention is permissible only if "the government establishes [the alien] is a flight risk or will be a danger to the community." *Id.* If it cannot, the alien is entitled to release on bond. *Id.*

Recommendation

The Magistrate Judge recommends that the District Court, after its independent review of the record, grant the Petition for Writ of Habeas Corpus filed on February 22, 2008, "unless the government within 60 days [of the District Court's order] provides a hearing to [the petitioner] before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community." *Tijani*, 430 F.3d at 1242.

The petitioner's motion for a preliminary injunction and temporary restraining order incorporated into his petition should be denied as moot.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondents.

DATED this 4th day of September, 2008.

Glenda E. Edmonds
United States Magistrate Judge