**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Lopez-Heredia, | No. CIV 08-0349-PHX-DGC (GEE) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina S. Kane, Field Office Director Immigration and Customs Enforcement; et al., | |
| Respondent. | |

Petitioner Martin Lopez-Heredia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention pending a final decision on whether to remove him to Mexico. Dkt. #1. With the petition, Lopez-Heredia moved for a preliminary injunction and a temporary restraining order granting his release. *Id.* Magistrate Judge Glenda Edmonds issued a Report and Recommendation ("R&R") in which she recommended that the Court grant the petition and deny the motions as moot. Dkt. #28. Respondents submitted objections to the R&R. Dkt. #30. Petitioner has not filed a response and the deadline for doing so has passed. For the reasons discussed below, the Court will accept the R&R, grant the petition as set forth below, and deny the motions as moot.

**I.   Background.**

Petitioner, a native and citizen of Mexico, entered the United States as an immigrant on July 11, 1975. Dkt. #28 at 2. On July 16, 1996, Petition was convicted of being under

the influence of cocaine in violation of California law. *Id.* On September 27, 1996, the government issued Petitioner an order to show cause that he was not subject to deportation as the result of controlled substance conviction pursuant to INA § 241(a)(2)(B)(i). *Id.* Petitioner was granted bond in the amount of $1,500 by the immigration court. *Id.*

On January 15, 1999, the government and Petitioner agreed to terminate deportation proceedings and commence removal proceedings under the newly effective Illegal Immigration Reform and Immigrant Responsibility Act. *Id.* On October 4, 2000, the government issued a notice to appear that alleged Petitioner was deportable pursuant to INA § 241(a)(2)(B)(i). *Id.* Petitioner was again released on $1,500 bond. *Id.*

On March 29, 2006, Petitioner was convicted of possession of drug paraphernalia in violation of Arizona law. *Id.* He was taken into custody and held without bond pursuant to 8 U.S.C. § 1226(c). *Id.* On September 26, 2006, Petitioner appeared before an Immigration Judge (IJ) and acknowledged both of his criminal convictions. *Id.* at 3. Petitioner then submitted applications for relief under INA § 212(c) and cancellation of removal. *Id.*

On February 8, 2007, the IJ denied Petitioner's applications for relief and ordered him removed to Mexico. *Id.* Petitioner filed a notice of appeal and a motion to reopen with the Board of Immigration Appeals (BIA). *Id.* The BIA dismissed both on May 17, 2007. *Id.*

Petitioner then filed a petition for review with the Ninth Circuit Court of Appeals asking for review of the BIA's denial of both the appeal of the removal order and the motion to reopen. *Id.* At the same time, Petitioner filed a motion to stay his removal, which was granted by the Ninth Circuit. *Id.*

In addition, Petitioner filed a motion to reconsider with the BIA. *Id.* When the BIA denied this motion, Petitioner filed a petition for review of this denial with the Ninth Circuit. *Id.* Both petitions before the Ninth Circuit were consolidated and remain pending. *Id.* On February 22, 2008, Petitioner filed this petition for habeas corpus. Dkt. #1.

**II.     The R&R.**

Judge Edmonds determined that Petitioner is currently being held in custody pursuant to 8 U.S.C. § 1226(a). Dkt. #28 at 4. While it is undisputed that Petitioner was originally

1 detained under § 1226(c), which authorizes detention during expedited removal proceedings, Judge Edmonds correctly noted that these expedited proceedings terminated when the BIA dismissed Petitioner's appeal. *See id.*; *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008). Applying recent Ninth Circuit precedent, *Casas-Castrillon v. Department of Homeland Security*, Judge Edmonds concluded that when detention is no longer authorized by § 1226(c), the government retains discretionary authority to detain an alien pursuant to § 1226(a). Dkt. #28 at 4; *Casas-Castrillon*, 535 F.3d at 948.

Relying on *Casas-Castrillon*, Judge Edmonds further noted that prolonged detention of an alien under § 1226(a) is constitutional only if the government establishes that Petitioner is a flight risk or will be a danger to the community. Dkt. #28 at 4. In light of this limitation, Judge Edmonds recommended that the Court grant the petition for writ of habeas corpus unless the government, within 60 days of the order, provides a hearing to Petitioner before an IJ with the power to grant Petitioner bond unless the government establishes that Petitioner is a flight risk or danger to the community. *Id.* at 5. Judge Edmonds also recommended that, if the Court grants the petition, the motions for a preliminary injunction and temporary restraining order should be dismissed as moot. *Id.*

### III.    Objections to the R&R.

Respondents object to Judge Edmonds' initial determination that § 1226(a) governs Petitioner's detention. Dkt. #30. Respondents contend that Petitioner is being detained under § 1231. *Id.* Under § 1231, prolonged detention while awaiting judicial review is permissible so long as the detention is not considered indefinite under *Zadvydas* standards. *Id.* Respondents contend that because Petitioner is being detained under § 1231, he is not entitled to test the legality of his detention before a neutral adjudicator. *Id.*

Respondents support their claim that Petitioner is being detained under § 1231 by citing the recent Ninth Circuit decision in *Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008). Dkt. #30 at 10. In *Diouf*, the Ninth Circuit held that an alien kept in custody after being granted a stay of removal pending a petition for review is detained under 8 U.S.C. § 1231 rather than § 1226 if the petition for review does not entail judicial review of a removal

1  order. *See Diouf*, 542 F.3d at 1230. In that case, the Ninth Circuit determined that Diouf was
2  held under § 1231 because his appeals did not seek judicial review of a removal order. Id.
3  Respondents argue that *Diouf* governs in this case because Petitioner filed a petition for
4  review of the BIA's denial of the motion to reopen. Dkt. #30 at 10.

5  **IV.    Analysis.**

6        The Court must undertake a *de novo* review of those portions of the R&R to which
7  specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court may
8  accept, reject, or modify, in whole or in part, the findings or recommendations made by the
9  magistrate judge. *See* 28 U.S.C. § 636(b)(1).

10       The relief available to a petitioner "turns in part on locating him within the statutory
11 framework of detention authority . . . codified at 8 U.S.C. §§ 1226 and 1231."
12 *Casas-Castrillon*, 535 F.3d at 945. In general, § 1226 governs the detention of aliens before
13 a final decision on whether the alien is to be removed from the United States, while § 1231
14 governs the "removal period" once an alien is ordered removed. *See* 8 U.S.C. § § 1226,
15 1231. There is no dispute that Petitioner was initially detained pursuant to section 1226(c).
16 The issue is whether Petitioner's present detention is governed by § 1226 or § 1231.

17       Section 1231, by its own terms, governs the detention of aliens once the removal
18 period has begun. The removal period does not begin, however, until the latest of the
19 following: "(i) The date the order of removal becomes administratively final," or "(ii) If the
20 removal order is judicially reviewed and if a court orders a stay of the removal of the alien,
21 the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B).

22       Section 1231(a)(1)(B)(ii) specifically states that if a removal order is pending review
23 and a stay of removal has been granted, the removal period does not begin until a final order
24 is issued. The Ninth Circuit held in *Diouf* that when an alien is appealing only the denial of
25 a motion to reopen, the appeal does not encompass judicial review of a removal order and,
26 therefore, the beginning of the removal period is not delayed under § 1231(a)(1)(B)(ii).
27 Respondents contend that *Diouf* governs the facts in this case because Petitioner is appealing
28 the BIA's denial of his motion to reopen. The Court is not persuaded.

The facts in this case differ from those in *Diouf*. Although Petitioner is appealing a denial of his motion to reopen, he also is appealing the order which denied cancellation of removal and ordered him removed to Mexico. Petitioner is appealing his removal order. Therefore, Petitioner's removal period will not begin until the Ninth Circuit issues its final order.

The Ninth Circuit's recent decision in *Casas-Castrillon* controls this case. *Casas-Castrillon* holds that once proceedings before the BIA are complete and the alien appeals the removal order, the government's authority to detain the alien under § 1226(c) ends and shifts to § 1226(a). *Casas-Castrillon*, 535 F.3d at 948. The government's authority remains under § 1226(a) until the removal period begins. *Id.* The Ninth Circuit further held that § 1226(a) requires the government to provide the alien with a bond hearing where an individualized determination of dangerous and flight risk may be assessed. *Id.* at 951. The "alien is entitled to release on bond unless the 'government establishes that he is a flight risk or will be a danger to the community.'" *Id.* (citing *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996)).

Applying *Casas-Castrillon*, Judge Edmonds correctly recommended that this Court should grant the petition for habeas corpus unless Petitioner is given a hearing before an IJ with the power to grant bail if the government cannot establish that he is a flight risk or will be a danger to the community. Dkt. #28 at 5. Judge Edmonds also recommended that the motions for a preliminary injunction and temporary restraining order be dismissed as moot if the Court grants the petition. The Court accepts both of these recommendations.[1]

**IT IS ORDERED**:

1. The R&R (Dkt. # 28) is **accepted**.
2. The petition for writ of habeas corpus (Dkt. #1) is **granted** unless, within 60 days of this order, the government provides a hearing to Petitioner before an Immigration Judge with the power to grant him bail unless the government

---

[1] This decision differs from the Court's conclusion in *Chui v. Kane*, 2008 WL 3298795, CV 07-25190PHX-DGC (D. Ariz., Aug. 11, 2008). The Court was not aware of the Ninth Circuit's recent decision in *Casas-Castrillon* when *Chui* was decided.

- 5 -

1 establishes that he is a flight risk or will be a danger to the community.

2 3. The motions for preliminary injunction and temporary restraining order (Dkt. #1) are **denied** as moot.

DATED this 1st day of December, 2008.

_____
David G. Campbell
United States District Judge