**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Lopez-Heredia, | No. CV-08-349-PHX-DGC (GEE) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina S. Kane, Field Office Director Immigration and Customs Enforcement; Susan Lambert, Deportation Officer; and Bruno Stolc, Warden. | |
| Respondents. | |

Petitioner Martin Lopez-Heredia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention pending a final decision on whether to remove him to Mexico. Dkt. #1. Magistrate Judge Glenda Edmonds issued a Report and Recommendation ("R&R") concluding that this Court should grant the petition unless Petitioner is given a hearing before an immigration judge with the power to grant bail if the Government cannot establish that Petitioner is a flight risk or will be a danger to the community. Dkt. #28. Respondents submitted objections to the R&R. Dkt. #30. On December 2, 2008, the Court issued an order accepting the R&R and the Clerk entered judgment accordingly. Dkt. ##31-32.

Respondents have filed a motion for relief from the December 2 order and judgment. Dkt. #34. Respondents present evidence showing that Petitioner was removed to Mexico on October 24, 2008. Dkt. #34-2. Respondents argue that the petition became moot on that date

1 and thereafter the Court lacked jurisdiction over the petition. Dkt. #34 at 2-3.  No response
2 has been filed, and the time for doing so has expired.

3 "[A] petitioner's deportation does not automatically render his claim moot." *Abdala*
4 *v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007).  "For a habeas petition to continue to present
5 a live controversy after the petitioner's release, however, there must be some remaining
6 'collateral consequence' that may be redressed by success on the petition." *Id.* (citation
7 omitted).

8 The petition in this case challenged Petitioner's continued detention, not an order of
9 removal. Dkt. #1.  Given Petitioner's removal to Mexico, no collateral consequence may be
10 redressed by success on the petition. *See Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir.
11 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from
12 custody.  Because he has been released, there is no further relief we can provide.").
13 Moreover, this Court would lack habeas corpus jurisdiction over any challenge to an order
14 of removal. *See* 8 U.S.C. § 1252(a)(2)(D); *Iasu v. Smith*, 511 F.3d 881, 891 (9th Cir. 2007)
15 ("[T]he REAL ID Act has eliminated habeas corpus jurisdiction.").  The petition became
16 moot on the date of removal, October 24, 2008. Dkt. #34-2.  The Court therefore lacked
17 jurisdiction to issue the December 2 order. *See Am. Cas. Co. of Reading, Pa. v. Baker*, 22
18 F.3d 880, 896 (9th Cir. 1994) ("'Where events have occurred that prevent us from granting
19 effective relief, we lack jurisdiction and must dismiss the appeal.'") (citation omitted).

20 **IT IS ORDERED:**

21 1. Respondents' motion for relief from order and judgment (Dkt. #34) is **granted**.

22 2. The December 2, 2008 order and judgment (Dkt. ##31-32) are **vacated**.

23 3. The petition for writ of habeas corpus (Dkt. #1) is **dismissed** as moot.

24 DATED this 8th day of January, 2009.

David G. Campbell
United States District Judge

- 2 -